UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**NIGHT BOX FILED**
**JUL 1 1 2000**
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE   NO.00-6168-CR-FERGUSON |
| | ) | Magistrate Judge Snow |
| v. | ) | |
| MARK COHEN, et al | ) | |
| Defendant. | ) | **GOVERNMENT'S RESPONSE TO** |
| _____ | ) | **THE STANDING DISCOVERY ORDER** |

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  An audio recording of statements made by the defendant Mark Cohen and an audio tape of Bruce Hollander can be obtained by making arrangements with undersigned counsel. Specifically, these tapes can be reviewed at the discovery conference as set forth in paragraph A 6 below. Copies of these tapes can be obtained by providing one blank audio tape to undersigned counsel. That tape will be used for copying and then returned forthwith.

2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent will be provided by letter to each defendand.

3.  No defendant testified before the Grand Jury.

4.  The NCIC record of the defendant, if any exists, will be made available at the discovery conference.

5.  Books, papers, documents, photographs, tangible objects, buildings

or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the HUD Office of Inspector General, 909 Southeast 1st Avenue, Miami, Florida, Suite 491. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for July 24,2000 at 10:30. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

Most of the discovery will be made available at the discovery conference is described generally in attachment A.

6. A report analyzing and comparing the handwriting sample provided by the defendant will be made available at the discovery conference.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

       In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. Specifically, the government may introduce evidence that Kenneth Heyder, the defendant committed further bank fraud in dealing with La Mercie International.

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     No contraband is involved in this indictment.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

       The government hereby requests that the defense stipulate to the following facts:

1. That all the banks and financial institutions listed in the indictment are FDIC insured.

2. That all the mortgage companies listed in the indictment utilized FDIC insured warehouse lines of credit in funding the loans set forth in the indictment.

3. The bank/credit union records, HUD/FHA records and computer printouts, title company records, Social Security records and ISC property records, are true copies of business records. They were maintained in the course of a regularly conducted business activity and created at or near the time of the transaction by, or from information transmitted by, a person with knowledge of that transaction.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Respectfully submitted,

GUY A LEWIS
UNITED STATES ATTORNEY

By: _____
LYNN D. ROSENTHAL
Assistant United States Attorney
Florida Bar No. 343226
500 East Broward Blvd.
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this \_\_ day of July, 2000 to: Phillip Horowitz, 15651 South Dixie Highway, Suite 328, Miami, Florida 33156, Ted Crespi, 1776 North Pine Island Road, Suite 218, Plantation, Florida 33322, Theodore Klein, 800 Brickell Ave., Penthouse 2, Miami, Florida 33131, Robert Josefsberg, 800 City National Bank Building, 25 West Flagler Street, Miami, Florida 33130, John Howes, 633 Southeast 3rd Ave., Suite 4F, Fort Lauderdale, Florida 33301 David Joffe, 2900 Bridgeport Ave., Suite 401 Miami, Florida, 33133.

Lynn D. Rosenthal
Assistant United States Attorney