IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6168-CR-Hurley

UNITED STATES OF AMERICA

    Plaintiff,

VS.

JEAN LINDOR,

    Defendant.

_____

**UNOPPOSED EMERGENCY MOTION FOR REVIEW OF BOND HEARING**

Jean Lindor, through counsel, files this unopposed emergency motion for review of bond hearing pursuant to 18 U.S.C. § 3145, requests a hearing on same, and states as follows[1]:

1. The defendant was charged in a superceding indictment with mail fraud, wire fraud, and making false statements to HUD, in violation of 18 U.S.C. §§ 1341, 1343, & 1010.

2. On December 20, 2006, a bond hearing was held in the above-captioned matter. The Government <u>did not</u> seek pre-trial detention.[2] Rather, the Government and defense counsel

---

[1] Because both parties agree that the bond's nebbia conditions have been satisfied and the fact that Mr. Lindor is now in the Special Housing Unit at the Federal Detention Center in Miami (safety reasons because he was once a correctional officer) - that means he is on lock-down for twenty-three hours a day -, undersigned has captioned this as an "emergency" motion to allow the defendant to have the opportunity to seek prompt redress before the district court. In addition, counsel has been informed that assigned district judge T.K. Hurley is out of the county until January 8, 2006. Therefore, the parties respectfully request that the assigned duty district judge review this matter.

[2] The defendant hired defense counsel to be able to self-surrender and resolve this case. The Government and undersigned counsel agreed to the same $100,000 personal surety offered to <u>every other co-defendant</u>. Morever, the parties have a plea agreement that contemplates an advisory guidelines sentence of twelve to eighteen months.

1

recommended that the Court order a $100,000 personal surety bond to be co-signed by the defendant's brother, Abel Lindor, a correctional officer at the Federal Detention Center in Miami, Florida, and his wife, Evelyn Lindor. Both individuals signatories own property that were to be used as collateral.

3. At the hearing, Magistrate Judge Vitunac refused to allow defendant's family to tender their properties as collateral for the bond. Instead, Judge Vitunac required that the defendant use his own property as collateral for the bond. Because the defendant did not have sufficient documentation to provide the Court regarding his ownership in real property and in any existing equity in those properties, the Court reset the hearing for the following day.

4. On December 21, 2006, undersigned counsel provided Magistrate Judge Vitunac the Settlement Statements and Appraisals of three homes owned by the defendant in his individual capacity: 183 NW 68th Street, Miami, Florida 33150, 7717 Brandon Cove Lane, Jacksonville, Florida 32219, and 4189 Darien Street, Port St. Lucie, Florida. The defendant's total equity interest in these properties exceeds $170,000. In addition, he provided information to the Court regarding his ownership interest in several other properties in which he has an equity interest of more than $100,000. Nevertheless, Judge Vitunac concluded that the defendant did not satisfy the "nebbia condition" of the bond.

5. Because this criminal matter is not a drug case nor a crime of violence, no presumptions in favor of the Government apply to this case. Therefore, the Court must then examine the factors set forth in 18 U.S.C. § 3142(g) to explain what factors should be considered in setting a bond, applies:

The judicial officer shall, in determining whether there are conditions of release that

will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning–

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

6.    Each of these factors weigh in favor of the Government's recommended bond; a $100,00 personal surety bond to be co-signed by the defendant's wife and brother. Again, this is not a drug case or one involving a crime of violence. The Government and the defendant have a already worked out the terms of a <u>plea agreement</u> and the defendant is facing an advisory guideline sentence of only <u>twelve to eighteen months.</u> In addition, the defendant is a United States citizen, he has never been arrested before in Haiti or the United States, he has resided in South Florida for

16 years, and he has a wife and three children that reside in this community. The defendant is employed as a realtor and was previously employed as a correctional officer in Miami-Dade County. While this case is from 2000, the defendant has never used a false name, altered any form of identification or actively hid from law enforcement. In fact, he has purchased numerous investment properties in his <u>real name</u> and has a valid driver's license with his <u>real name</u>. Most importantly, the defendant has <u>voluntarily surrendered</u> and sought to resolve this matter.

7.    For these reasons, the Government and defense counsel agreed on the same bond offered to every other defendant in this case; that is a $100,000 personal surety bond to be co-signed by the defendant's wife and brother. Moreover, this reasonable bond will allow the defendant to be released from the Special Housing Unit where he is on lock-down twenty-three hours a day.[3]

WHEREFORE, defendant respectfully requests that the Court grant his unopposed motion for review of bond hearing and set a $100,000 personal surety bond to be co-signed by the defendant's wife and brother.

Respectfully submitted,

/S/ Marc David Seitles

Marc David Seitles
Fla. Bar No. 0178284

The Law Offices of Marc David Seitles, P.A.
Alfred I. duPont Building
169 East Flagler Street, Suite 1200
Miami, FL 33131
Tel: (305) 379-6667

---

[3] Because defendant has no prior arrests or convictions, the nature of the offense, and the sentence he will receive, he will be eligible for a Federal Prison Camp. Thus, the conditions that the defendant is having to presently endure are unduly harsh and warrant a reasonable bond that can be immediately satisfied.

Fax: (305) 379-6668
mseitles@seitleslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2006, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to: Jeffrey Kaplan, Assistant United States Attorney Southern District of Florida.

/S/ Marc David Seitles
_____
Marc David Seitles, Esq.

6