UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-HURLEY/VITUNAC (s)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JEAN LINDOR,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT LINDOR'S MOTION FOR REVIEW OF BOND HEARING

The United States of America, by and through its undersigned counsel, hereby responds to defendant Lindor's Motion for Review of Bond Hearing, and states as follows:

1. In or about June 2000 defendant Lindor and ten (10) others were charged by indictment or information related to a mortgage fraud scheme perpetrated by Marc Cohen and Eric Silverman. In September 2001 the defendant, along with Cohen and Bruce Hollander, were charged in a thirteen (13) count superseding indictment. Defendant Lindor was charged with one count of conspiracy to commit mail and wire fraud and making false statements to HUD and five counts of making false statements to HUD. At the time of the indictment and the subsequent superseding indictment the government could not find the defendant. The defendant's surname of Lindor is believed to be a common name for a person of Haitian descent. There are other persons named Jean Lindor living in South Florida. In 2005 the FBI approached another person named Jean Lindor living in West Palm Beach, erroneously believing that he was the defendant.

2. In or about October 2006, an agent of the FBI contacted Abel Lindor in an attempt to

reach the defendant. Abel Lindor is the defendant's brother. Abel Lindor is a federal correctional officer at the Federal Detention Center.[1] The government was then contacted by Mr Seitles, who is counsel for defendant Lindor. The parties began working on resolving this case before the surrender of the defendant. The government provided counsel with discovery and the parties have agreed in principle to the terms of a plea agreement. The change of plea has been set for January 9, 2007, at 3:00 p.m. The parties also agreed on a $100,000 personal surety bond for the defendant that was to be co-signed by his brother Abel Lindor and the defendant's wife. Although it took the government 5 ½ years to arrest the defendant, the government does not believe the defendant is currently a risk of flight. The parties have estimated the defendant's guideline range to be 12-18 months. If the defendant were to flee, the defendant would lose acceptance of responsibility, receive an enhancement for obstruction of justice, and be charged with a separate offense of bond jumping. His sentence would then triple or quadruple. The defendant had an opportunity to flee after his brother was contacted and during the 6-8 week period while the plea was being negotiated, but he did not flee.

3. At the bond hearing Magistrate Judge Vitunac seemed most concerned with whether the defendant was still engaged in any real estate related fraud. The defendant had purchased a number of properties and the Magistrate Judge wanted to be assured that the money used to purchase the properties did not come from the proceeds of the charged fraud. However, the defendant's involvement in the underlying offense took place from 1997 through 1999. The properties in issue were purchased in or around 2005, six years after the fraud charged in this case was committed.

4. The Magistrate Judge was also very concerned that the defendant appeared to have

---

[1] Abel's wife is a federal probation officer.

three homestead exemptions on properties that he owned. [2] The defendant should be ordered as a condition of his bond to remove any homestead exemption from any property that he does not reside and only maintain one homestead exemption.  The Magistrate Judge was also concerned as to whether the defendant was involved in fraud in obtaining mortgages on the properties he currently owns.  The defendant should be ordered while on pretrial release to provide to pretrial services all documents he submits in attempting to obtain any new mortgage or any refinancing of an existing mortgage.

---

[2] It now appears that the defendant may only have one homestead exemption.  The defendant stated in court that he had a homestead exemption on a property he used to live in at 884 NE 160th Street, Miami, Florida.  The defendant also stated in court that there is a homestead exemption on the property he currently lives in at 4189 Barian Street, Port St. Lucie, Florida.  However, the records of the county appraiser do not reflect a homestead exemption on the Port St. Lucie property.  The pretrial services office informed the court that the defendant had a homestead exemption on a property at 740 NE 199th Street, Miami, Florida.  However, this property was not listed on the pretrial services report as an asset of the defendant.  This property may be owned by another person named Jean Lindor, not the defendant in this case.

5. With these additional conditions the government has no objection to the defendant's pretrial release on a $100,000 personal surety bond co-signed by the defendant's wife and another person. [3].

                        Respectfully submitted,

                        R. ALEXANDER ACOSTA
                        UNITED STATES ATTORNEY

BY:    s/Jeffrey N. Kaplan
        JEFFREY N. KAPLAN
        ASSISTANT UNITED STATES ATTORNEY
        ID. No. A5500030
        500 East Broward Boulevard, Suite 700
        Fort Lauderdale, Florida 33394
        Telephone No. (954) 356-7255, ext. 3515
        Telefax No. (954) 356-7255
        jeffrey.kaplan@usdoj.gov

---

[3] According to counsel for the defendant, Abel Lindor can not sign on the bond due to his position aa a federal correctional officer.

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Defendant Lindor's Motion for Review of Bond Hearing was served this 5th day of January, 2007, on Marc David Seitles, Esq., Alfred I. DuPont Building, 169 East Flagler Street, Suite 1200, Miami, Florida 33131.

s/Jeffrey N. Kaplan
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY